**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELANA COHEN, | Civil Action No. 3:24-cv-08299-GC-JTQ |
| Plaintiff | Hon. Justin T. Quinn, U.S.M.J. |
| v. | **JOINT PROPOSED DISCOVERY PLAN** |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al, | **Conference Date: October 22, 2024** |
| Defendants | |

1. Brief statement of the facts underpinning the claims or defenses in the action, as well as a brief statement of the legal issues in the case:

   **Plaintiff:**  Plaintiff, a victim of identity theft, asserts that Defendants are negligently reporting false information regarding the Plaintiff to the national credit reporting agencies. Specifically, Defendants have been reporting a DISCOVER credit card account containing fraudulent charges made by Plaintiff's ex-husband using Plaintiff's PII and Social Security Number, without her knowledge or authorization. Plaintiff accordingly disputed the fraudulent reporting with the credit bureaus, but Defendants Experian and Trans Union continue reporting this inaccurate information. Plaintiff asserts claims under the Fair Credit Reporting Act against Defendants for failing to assure maximum accuracy of the credit reports they prepared regarding Plaintiff, and for refusing to conduct a reasonable investigation of the disputes Plaintiff submitted regarding the fraudulent account information. Legal issues in this case include a) whether Defendants violated the FCRA, b) whether Defendants have policies and procedures in place that assure maximum accuracy of the reports they prepare for consumers; and c) whether Defendants conducted a reasonable investigation of Plaintiff's disputes.

   **Defendant Experian:** Experian is still investigating the factual allegations asserted by Plaintiff. Experian denies that it violated the FCRA and denies any violation of law. At all relevant times, Experian maintained reasonable procedures to maximize the accuracy of information concerning Plaintiff in its database. Furthermore, Experian complied with the FCRA's requirements with respect to Plaintiff. Any damages allegedly sustained by Plaintiff were not caused by Experian. Accordingly, Experian denies any and all claims made by Plaintiff and reserves the right to raise

**Error! Unknown document property name.**                    1

any defenses and/or counterclaims that may be applicable.

**Defendant Trans Union:** Defendant Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

The legal issues as to Trans Union are whether Plaintiff was the cause of any alleged misreporting by Trans Union, whether Plaintiff can demonstrate, as required, that Trans Union reported inaccurate information about Plaintiff, whether Trans Union maintained reasonable procedures to ensure accurate reporting, the nature and basis of Plaintiff's alleged disputes to Trans Union and Trans Union's handling of same. Additional issues include whether Plaintiff can demonstrate, as required, that they suffered any damages and that such damages were causally related to any violation of the FCRA, whether Trans Union maintained and followed reasonable procedures designed to ensure maximum possible accuracy in accordance with 15 U.S.C. § 1681e(b) and whether the aforementioned factual issues establish the basis for any claims against Trans Union pursuant to Sections 1681e(b) and 1681i of the FCRA.

2.    A description of all discovery conducted by the parties to date:

None yet.

3.    A description of all discovery problems encountered to date, the efforts undertaken by the parties to remedy these problems, and the parties' suggested resolution of the problems:

N/A.

4.    A description of the parties' further discovery needs:

The parties anticipate serving written discovery requests on each other, followed by a deposition of each party.  Discovery will focus on the reporting of the Plaintiff's account, the Defendants' policies and procedures, as well as their investigations of the Plaintiff's disputes, and the Plaintiff's damages.

Experian anticipates conducting discovery on all allegations, claims, and theories of liability set forth in the complaint. Experian further anticipates conducting discovery in support of its affirmative defenses. Experian anticipates discovery on Plaintiff's claim of identity theft; the alleged inaccuracies related to the disputed account; the history of the disputed account; Plaintiff's communications with third parties regarding the disputed account; Plaintiff's claims for damages; and any applications for credit and any denials

of those applications.

5.    The parties' estimate of the time needed to complete fact discovery:

**Plaintiff:**  Plaintiff anticipates that fact discovery can be completed by April 7, 2025.

**Defendant Experian:** Experian agrees with Plaintiff's proposed deadline.

**Defendant Trans Union:**  Trans Union believes 6 months is sufficient for fact discovery.

6.    A statement regarding whether expert testimony will be necessary, and the parties' anticipated schedule for retention of experts and submission of their reports:

**Plaintiff:** Plaintiff does not anticipate the use of expert witnesses at this time.

**Defendant Experian:** Experian does not know at this time whether it intends to call expert witnesses at trial.  If expert testimony is necessary, affirmative reports will be due by May 7, 2025; responsive reports will be due by June 9, 2025; and depositions will be completed by July 9, 2025.

**Defendant Trans Union:**  No expert witnesses are expected from Trans Union, but Trans Union reserves the right to obtain one as a rebuttal witness should Plaintiff utilize an expert witness.

7.    A statement regarding whether there should be any limitation placed upon use of any discovery device and, if so, the reasons the limitation is sought:

**Plaintiff:** Plaintiff does not believe there should be any limitation placed upon use of any discovery device.

**Defendant Experian:**  None.

**Defendant Trans Union:** Trans Union does not believe there should be any limitation placed upon use of any discovery device.

8.    A description of any special discovery needs of the parties (e.g. videotape, telephone depositions, or problems with out-of-state witnesses or documents, or discovery of digital information (see L.Civ.R. 26(d)):

**Plaintiff:**

Plaintiff anticipates that the depositions of the parties will be taken, upon consent of all parties, via Zoom videoconference.

**Defendant Experian:** Experian anticipates conducting depositions with remote digital recording equipment, and recording such depositions by video and/or stenographic means.

**Defendant Trans Union:** Trans Union does not anticipate special discovery needs at this time.

9.    A statement regarding whether the entry of a Confidentiality Order will be requested:

**Plaintiff:**

Plaintiff will not request the entry of a Confidentiality Order, but anticipates that the Defendants will request the entry of same.  Plaintiff is amenable to entry of a Confidentiality Order in the form annexed to the Local Rules as Appendix S, but just requests a deadline for submission of such a Proposed Order by October 31, 2024, so as not to hold up production down the road due to the belated desire for such an Order.

**Defendant Experian:** Experian anticipates requesting a Confidentiality Order if plaintiff requests discovery of confidential information or documents.

**Defendant Trans Union:**  Trans Union anticipates the need for entry of a Confidentiality Order.

Dated: October 7, 2024

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Tel: (732) 695-3282
Email: yzelman@marcuszelman.com
Attorney for Plaintiff

/s/ Dorothy A. Kowal
Dorothy A. Kowal, Esq.
PRICE, MEESE, SHULMAN & D'ARMINIO, PC
50 Tice Boulevard
Woodcliff Lake, NJ 07677
Tel: (201) 391-3737
Email: dkowal@pricemeese.com
Attorney for Defendant
Experian Information Solutions, Inc.

/s/ Andrew G. Hope
Andrew G. Hope, Esq.

**Error! Unknown document property name.**                3

BUCHANAN INGERSOLL & ROONEY, P.C.
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Tel: (215) 665-8700
Email: Andrew.hope@bipc.com
Attorney for Defendant
Trans Union, LLC